UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE: VACANT REAL PROPERTY**<br>23 Canabas Avenue, Waterville, ME 04901 |
| **Ricky W. Michaud and Kerri A. Michaud** | Mortgage:<br>June 25, 2009<br>Book 10152, Page 55 |
| **Defendants** | |

**UPON INFORMATION AND BELIEF THIS PROPERTY IS VACANT**

NOW COMES the Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Ricky W. Michaud and Kerri A. Michaud, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, in which the Defendants, Ricky W. Michaud and Kerri A. Michaud, are the obligor and the total amount owed under the terms of the Note is One Hundred Fifty-Four Thousand Two Hundred Fifty-Eight and 26/100 ($154,258.26) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1 is a corporation with its principal place of business located at 425 Walnut St., Cincinnati, OH 45205.

5. The Defendant, Kerri A. Michaud, is a resident of Winslow, County of Kennebec and State of Maine.

6. The Defendant, Ricky W. Michaud, is a resident of Waterville, County of Kennebec and State of Maine.

## FACTS

7. On August 25, 1993, by virtue of a Warranty Deed from Michael E. Deraps and Nancy Deraps, which is recorded in the Kennebec Registry of Deeds in **Book 4478, Page 112**, the property situated at 23 Canabas Avenue, Waterville, County of Kennebec, and State of Maine, was conveyed to Ricky W. Michaud and Kerri A. Michaud, being more particularly described by the attached Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On June 25, 2009, Defendants, Ricky W. Michaud and Kerri A. Michaud, executed and delivered to Ally Bank Corp. f/k/a GMAC Bank a certain Note under seal in the amount of $90,495.00. Defendants, Ricky W. Michaud and Kerri A. Michaud's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on June 25, 2009, Defendants, Ricky W. Michaud and Kerri A. Michaud executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Ally Bank Corp. f/k/a GMAC Bank, securing the property located at 23 Canabas Avenue, Waterville, ME 04901 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 10152**, **Page 55**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated July 24, 2013 and recorded in the Kennebec Registry of Deeds in **Book 11492**, **Page 0196**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of a Quitclaim Assignment of Mortgage dated January 12, 2015 and recorded in the Kennebec Registry of Deeds in **Book 11896**, **Page 223**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation by virtue of an Assignment of Mortgage dated March 3, 2015 and recorded in the Kennebec Registry of Deeds in **Book 11929**, **Page 107**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1 by virtue of an Assignment of Mortgage dated May 9, 2016 and recorded in the Kennebec Registry of Deeds in **Book 12299**, **Page 26**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated May 16, 2016 and recorded in the Kennebec Registry of Deeds in **Book 12297**, **Page 122**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Osat Sponsor II, LLC by virtue of an Assignment of Mortgage dated May 16, 2016 and recorded in the Kennebec Registry of Deeds in **Book 12297**, **Page 194**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then further assigned to US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1 by virtue of a Confirmatory Assignment dated June 3, 2020 and recorded in the Kennebec Registry

of Deeds in **Book 13599**, **Page 136**. *See* Exhibit J (a true and correct copy of the Confirmatory Assignment is attached hereto and incorporated herein).

17. On August 7, 2020, the Defendants, Ricky W. Michaud and Kerri A. Michaud, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Ricky W. Michaud and Kerri A. Michaud, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

19. The Defendants, Ricky W. Michaud and Kerri A. Michaud, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

23. The total debt owed under the Note and Mortgage as of September 30, 2020 is One Hundred Fifty-Four Thousand Two Hundred Fifty-Eight and 26/100 ($154,258.26) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $85,645.76 |
| Interest | $33,958.00 |
| Escrow Advance | $15,504.36 |
| Restricted Escrow Balance | $-791.69 |
| Corporate Advance Balance | $19,941.83 |
| Grand Total | $154,258.26 |

24. Upon information and belief, the Defendants, Ricky W. Michaud and Kerri A. Michaud, are presently not in possession of the subject property originally secured by the Mortgage.

25. Upon information and belief, based upon information provided by the client, the subject premises is vacant.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 23 Canabas Avenue, Waterville, County of Kennebec, and State of Maine. *See* Exhibit A.

28. The Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical

possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, Ricky W. Michaud and Kerri A. Michaud, are presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2013, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of September 30, 2020 is One Hundred Fifty-Four Thousand Two Hundred Fifty-Eight and 26/100 ($154,258.26) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $85,645.76 |
| Interest | $33,958.00 |
| Escrow Advance | $15,504.36 |
| Restricted Escrow Balance | $-791.69 |
| Corporate Advance Balance | $19,941.83 |
| Grand Total | $154,258.26 |

32. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants, Ricky W. Michaud and Kerri A. Michaud's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendants, Ricky W. Michaud and Kerri A. Michaud's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, Ricky W. Michaud and Kerri A. Michaud, but only seeks *in rem* judgment against the property.

34. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Ricky W. Michaud and Kerri A. Michaud, on August 7, 2020, evidenced by the Certificate of Mailing. *See* Exhibit K.

35. The Defendants, Ricky W. Michaud and Kerri A. Michaud, are not in the Military as evidenced by the attached Exhibit L.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendants, Ricky W. Michaud and Kerri A. Michaud's discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1, upon the expiration of the period of redemption;

c) Find that the Defendants, Ricky W. Michaud and Kerri A. Michaud, are in breach of the Note by failing to make payment due as of June 1, 2013, and all subsequent payments, however, as affected by Defendants, Ricky W. Michaud and Kerri A. Michaud's discharge in

bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendants, Ricky W. Michaud and Kerri A. Michaud, but only seeks *in rem* judgment against the property;

d) Find that the Defendants, Ricky W. Michaud and Kerri A. Michaud, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of the Defendants, Ricky W. Michaud and Kerri A. Michaud, and the original lender, Ally Bank Corp. f/k/a GMAC Bank, on June 25, 2009 to create a mortgage on the property commonly known as and numbered as 23 Canabas Avenue, Waterville, ME 04901;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendants, Ricky W. Michaud and Kerri A. Michaud, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 23 Canabas Avenue, Waterville, ME 04901;

h) For such other and further relief as this Honorable Court deems just and equitable.

> Respectfully Submitted,
> US Bank National Association, not in its individual capacity but solely as Trustee on behalf of OWS REMIC Trust 2015-1,
> By its attorneys,

Dated:  September 18, 2020

<u>/s/John A. Doonan, Esq.</u>
<u>/s/Reneau J. Longoria, Esq.</u>
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com
